UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1896** |
| **SHORE CONSTRUCTION, LLC,** *et al.* | **SECTION: "G" (4)** |

## ORDER

Before the Court is Defendants Shore Construction, LLC and Kristi Caton's ("Defendants") "Motion to Stay the Case,"[1] wherein Defendants seek to stay the instant proceeding pending the outcome of a Department of Labor ("DOL") investigation into Shore Construction, LLC's ("Shore") compliance with wage and hour requirements under the Fair Labor Standards Act ("FLSA").[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

On March 6, 2017, Plaintiff Magdaleno Bibian Magana ("Plaintiff"), on behalf of himself and all others similarly situated, filed a complaint against Defendants to recover unpaid overtime wages.[3] Plaintiff alleges that while he was employed by Defendants as a rigger Defendants failed to pay him one and a half times his regular hourly rate for all hours worked in excess of forty hours in a workweek in violation of FLSA, 29 U.S.C. § 207.[4] On June 2, 2017, the Court granted

---

[1] Rec. Doc. 10.

[2] *Id.* at 1.

[3] Rec. Doc. 1 at 1.

[4] *Id.*

1

Defendants' unopposed motion to dismiss Plaintiff's claims for injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Court found that the plain language of FLSA and the relevant jurisprudence indicates that a private litigant may not obtain injunctive relief under the FLSA.[5]

On June 8, 2017, Defendants filed the instant motion to stay.[6] Plaintiff filed an opposition to the motion on June 27, 2017.[7] With leave of Court, Defendants filed a reply on July 5, 2017.[8]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Stay*

In support of the motion, Defendants assert that the DOL instituted an investigation into Shore's compliance with FLSA on January 22, 2016.[9] Defendants further represent that the DOL indicated at a May 12, 2017, meeting with Shore representatives that the DOL "may be ready to discuss a settlement" with Shore.[10] Defendants argue that the Court should exercise its equitable power to control its docket by staying this matter until the DOL has finished its investigation.[11] Alternatively, Defendants contend that the primary jurisdiction doctrine provides that this matter may be stayed pending the outcome of the DOL investigation, because, Defendants argue, the DOL has special competence in reviewing wage and hour matters and the investigation may

---

[5] Rec. Doc. 8 at 3.

[6] Rec. Doc. 10.

[7] Rec. Doc. 18.

[8] Rec. Doc. 20.

[9] Rec. Doc. 10-1 at 1.

[10] *Id.*

[11] *Id.*

2

"resolve all of the issues in the instant case."[12] Defendants assert that the DOL investigator indicated that the DOL's proposed settlement could resolve "the allegations as to all of its current and former employees."[13] According to Defendants, Plaintiff's lawsuit was filed over ten months after the DOL initiated its investigation and pertains to the same issues at the center of the DOL investigation, *i.e.* compliance with wage and hours laws of FLSA.[14]

Defendants maintain that district courts have broad discretion to stay a matter and that courts consider three factors when determining whether to grant a stay: "(1) prejudice the non-moving party will suffer if a stay is granted; (2) hardship and inequity on the moving party without a stay; and (3) judicial economy."[15] Defendants argue that all three of the factors weigh in favor of granting a stay in this matter.[16] First, Defendants argue that a stay would not prejudice Plaintiff, as a settlement with DOL, which has the authority to resolve the issues pleaded in Plaintiff's lawsuit, would allow all of the potentially affected employees to recover their alleged back wages without the expense and delay of litigation.[17] Second, Defendants argue that they would suffer undue hardship if this matter is not stayed, as Defendants will be forced to spend substantial time and resources defending the FLSA suit.[18] Defendants aver that they have been cooperating with the DOL investigation in good faith and that they will be prejudiced if they have to participate in

---

[12] *Id.*

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.* at 3 (citing *Strong ex. Rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 U.S. Dist. LEXIS 29234, *6 (E.D. La. Mar. 5, 2013)).

[16] *Id.*

[17] *Id.* at 4–5.

[18] *Id.* at 5.

costly litigation when the DOL settlement could resolve all of the issues in Plaintiff's suit.[19] Third, Defendants argue that a stay of this case will promote judicial economy, because, Defendants contend, a stay of the action will prevent the Court from duplicating "the effort already undertaken" by the DOL.[20] Even if the DOL settlement does not fully resolve the issues of overtime wages with respect to Plaintiff, Defendants argue, any finding by the DOL related to Shore's compliance with FLSA will narrow the issues in this litigation.[21] Thus, Defendants argue, under the three factors considered by courts in the Eastern District of Louisiana, a stay is warranted.[22]

Next, Defendants argue that in the alternative, the Court should stay the instant litigation pursuant to the primary jurisdiction doctrine, because, Defendants aver, the DOL has specialized knowledge related to the issue of FLSA compliance.[23] Defendants contend that the claims in the instant suit would benefit from the DOL's technical expertise related to overtime claims.[24] Thus, even though this case is cognizable by the Court, Defendants argue, because the DOL is already investigating this matter and has special expertise, the Court should stay this matter pursuant to the primary jurisdiction doctrine.[25]

---

[19] *Id.*

[20] *Id.* at 6.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 6–7.

[24] *Id.* at 8.

[25] *Id.*

### B. *Plaintiff's Arguments in Opposition to the Motion to Stay*

In opposition, Plaintiff first argues that the prejudice to potential plaintiffs in this litigation outweighs any potential prejudice to Defendants.[26] Plaintiff asserts that he has brought this action on behalf of a class and that the claims of opt-in plaintiffs are only tolled once they file a written notice of consent with the Court.[27] Thus, Plaintiff argues that staying this action will prejudice potential opt-in plaintiffs by delaying conditional class certification and judicial notice to potential plaintiffs, which will diminish the value of their claims.[28] Moreover, Plaintiff argues that Defendants have not provided any timeline for the completion of the DOL investigation and that the "speculative statement" that the DOL is close to proposing a settlement is insufficient to protect potential opt-in plaintiffs from prejudice.[29] Plaintiff represents that a court in the Eastern District of Pennsylvania has denied a stay in a similar situation, citing the risk of potential harm to potential opt-in plaintiffs.[30]

Second, Plaintiff argues that litigation costs do not constitute a hardship that justify a stay.[31] Plaintiff avers that Defendants' cooperation with the DOL investigation should decrease the time and expense required to litigate the class claims by streamlining discovery, as the majority of the issues between the investigation and this litigation "would necessarily overlap."[32] Moreover, Plaintiff argues that resolution of the DOL's investigation would not preclude certification of

---

[26] Rec. Doc. 18 at 1–2.

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 3 (citing *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820 (E.D. Pa. June 4, 2013).

[31] *Id.* (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974)).

[32] *Id.* at 3–4.

Plaintiff's collective action, as any employee is free to reject the terms of a DOL settlement.[33] Rather, Plaintiff avers, any settlement agreement would only preclude the claims of those employees who accept payment from Defendants under the terms of the DOL settlement.[34]

Third, Plaintiff argues that a stay will not promote judicial economy, because claims will likely remain after resolution of the DOL investigation.[35] Thus, Plaintiff avers, unless Defendants could establish that every single putative plaintiff accepted the settlement under the potential DOL agreement, Plaintiff would still have a certifiable class.[36]

Finally, Plaintiff argues that the primary jurisdiction doctrine is not applicable in this case.[37] Plaintiff avers that the Fifth Circuit has instructed that a court need not refer an issue to an agency when the issue does not involve the agency's "particular expertise or fact finding prowess."[38] Plaintiff argues that courts in the Eastern District of Louisiana regularly adjudicate FLSA collective actions to recover unpaid overtime and that the instant litigation is a straightforward FLSA action, "well within the Court's expertise to decide without the DOL's aid."[39]

---

[33] *Id.* at 4 (citing *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013)).

[34] *Id.*

[35] *Id.* at 5.

[36] *Id.*

[37] *Id.*

[38] *Id.* (citing *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 810 F.3d 299, 302 (5th Cir. 2016)).

[39] *Id.* at 6.

C.      *Defendants' Reply in Further Support of the Motion to Stay*

In reply, Defendants argue that the Pennsylvania case cited by Plaintiff, *In re Chickie's & Pete's Wage & Hour Litigation*, is distinguishable from the instant litigation.[40] In that case, Defendants assert that the plaintiffs brought state law wage and hour claims in addition to the federal FLSA claims but that Plaintiff does not bring state law claims in the instant litigation.[41] Defendants concede that the Court has subject matter jurisdiction over the instant case but argue that the Court should defer to the DOL's ongoing investigation pursuant to the primary jurisdiction doctrine.[42] Regarding the Court's equitable discretion to grant a stay, Defendants argue that judicial economy would best be served by a stay in this litigation, given that there are no state law claims at issue here and that the DOL is already investigating Shore's compliance with FLSA.[43]

As to the length of the stay requested, Defendants admit that "it cannot be known for certain the length of the time required for the DOL to complete its investigation."[44] According to Defendants, the DOL auditor met with Shore representatives on May 12, 2017, and indicated that the DOL "may be ready to discuss settlement."[45] Defendants assert that they request a stay of the litigation pending the outcome of the DOL investigation but argue that as a "reasonable alternative," the Court could "easily apply a term to this stay, *e.g.*, six months" and require periodic status conferences to determine whether the stay should be lifted or continued.[46]

---

[40] Rec. Doc. 20 at 1 (citing 2013 U.S. Dist. LEXIS 78573 (E.D. Pa. June 5, 2013)).

[41] *Id.*

[42] *Id.* at 3–4.

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.* (citing Rec. Doc. 10-1 at 1).

[46] *Id.* at 4–5.

7

Finally, Defendants argue that the statute of limitations for Plaintiff's claims is already tolled, as Plaintiff has filed the instant lawsuit.[47] As to the claims of potential opt-in plaintiffs, Defendants contend that Plaintiff's attorneys want to obtain contact information for Shore's workers and that it is "curious" that other allegedly similarly affected workers have not yet joined Plaintiff's suit.[48] Defendants assert that Plaintiff has attached a declaration to his motion for conditional certification in which he states that his former co-workers would be interested in joining the litigation.[49] However, Defendants argue, those "unidentified persons" have not yet joined the suit.[50]

### III. Law and Analysis

In support of the motion to stay, Defendants argue: (1) the Court should grant a stay pursuant to its equitable powers to manage its docket, because Defendants would incur litigation costs if the proceeding continues and a stay will not prejudice Plaintiff and will aid in judicial economy; and (2) in the alternative, the Court should stay the litigation pursuant to the primary jurisdiction doctrine, because the investigation of Shore's FLSA compliance is within the special competence of the DOL.[51] In opposition, Plaintiff argues that he and potential opt-in plaintiffs will be harmed by a stay and that Defendants have not demonstrated that they will suffer hardship if the case proceeds or that judicial economy interests would best be served by a stay.[52] Plaintiff

---

[47] *Id.* at 5.

[48] *Id.*

[49] *Id.*

[50] *Id.* at 6.

[51] Rec. Doc. 10-1 at 8.

[52] Rec. Doc.18 at 1.

further contends that the primary jurisdiction doctrine does not apply in this case, because the Court has the necessary expertise to decide the case without the DOL's aid.[53] The Court will address the parties' arguments in turn.

### A.  *Equitable Power*

#### 1.  **Legal Standard**

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[54] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[55] On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[56] As the Fifth Circuit has held, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[57] The Supreme Court has instructed that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party."[58] Nonetheless, "these considerations are counsels of

---

[53] *Id.* at 6.

[54] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[55] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[56] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[57] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[58] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (citing *Landis*, 299 U.S. at 255).

moderation rather than limitations upon power."[59] This Supreme Court and Fifth Circuit precedent has been interpreted to allow consideration of the following factors when determining whether to grant a stay of a proceeding: (1) prejudice that the non-moving party will suffer if a stay is granted; (2) hardship and inequity imposed on the moving party if the action proceeds; and (3) interests of judicial economy.[60] The Court will address each of these factors in turn to determine whether "the requisite balancing of the competing interests" in this case weighs in favor of a stay.[61]

**2. Analysis**

***a. Prejudice to the Non-Moving Party if a Stay is Granted***

Defendants argue that Plaintiff will not be prejudiced by a stay pending the outcome of the DOL investigation, as a resolution through the DOL would allow all of the potentially affected employees to recover back wages more quickly and without the expense of litigation.[62] Plaintiff responds that Defendants have not provided any timeline for the completion of the DOL investigation and that potential class members would be harmed by a stay because the statute of limitations continues to run under FLSA until an opt-in plaintiff files a written consent with the Court.[63]

Under FLSA, a cause of action arising out of a non-willful violation of the statute must be commenced within two years after the cause of action accrued, while a cause of action asserting a

---

[59] *Id.* (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

[60] *See id.* (citing *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, No. 10-1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010) (Feldman, J.)).

[61] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 451, 545 (5th Cir. 1983). *See also Landis*, 299 U.S. at 255 (internal citations omitted) (holding that in determining whether to grant a stay, a court must "weigh competing interests and maintain an even balance").

[62] Rec. Doc. 10-1 at 4–5.

[63] Rec. Doc. 18 at 2–3.

willful violation must be brought within three years of accrual.[64] For opt-in plaintiffs, the statute of limitations is only tolled once that individual plaintiff files a written consent to join the suit.[65] Thus, there is a strong potential for harm to potential opt-in plaintiffs in the instant litigation, as the statute of limitations continues to run against potential plaintiffs until individual written consent is filed with the Court. This is especially true here, considering that Defendants have provided no timeline for the completion of the DOL investigation and settlement. Indeed, as Defendants concede, "it cannot be known for certain the length of time required for the DOL to complete its investigation."[66]

Moreover, although Defendants argue that a DOL settlement would resolve the issues raised in Plaintiff's complaint, FLSA provides that an employee need not accept back wages from an employer as calculated by the DOL.[67] "Rather, an employee may choose to pursue an action against an employer who violates the FLSA, and in pursuing such action, can maintain a claim not only for back wages, but also for liquidated damages, attorney's fees, and costs."[68] Thus, a stay of the instant action would prejudice both Plaintiff and potential opt-in plaintiffs by delaying their ability to pursue a private collective action against their employer under FLSA. Defendants speculate, without providing a specific timeline, that Plaintiff and "any other potential collective

---

[64] 29 U.S.C. § 255(a).

[65] 29 U.S.C. § 256. The Court notes that the doctrine of equitable tolling applies to cases brought under FLSA and that the Court may exercise its discretion to extend a plaintiff's statute of limitations when it would be inequitable to enforce the statute of limitations. *See Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946). However, neither party has requested equitable tolling, and the Court notes that equitable tolling would not address the potential for prejudice to Plaintiff and potential opt-in plaintiffs caused by delay of their private action if this litigation were stayed.

[66] Rec. Doc. 20 at 4.

[67] *See* 29 U.S.C. § 216(b); *Owens v. Marstek, LLC*, 548 F. App'x 966, 971 (5th Cir. 2013) (*per curiam*).

[68] *Owens*, 548 F. App'x at 971.

action member would likely receive payment more quickly though a DOL settlement than through litigating this matter."[69] However, even assuming this speculation is true, it does not change the fact that a stay would prejudice Plaintiff and other potential plaintiffs who choose to pursue a private action under FLSA rather than accepting payment through a DOL settlement by delaying their ability to move forward with a private action.

Defendants argue that the Court could limit a stay to a specific time period and require periodic status conferences.[70] However, even if the Court were to grant a stay for a limited period of time, there would still be no guarantee that a settlement with the DOL would be reached during that specific time period. Moreover, even a limited stay would result in prejudice to Plaintiff and potential opt-in plaintiffs by delaying their ability to pursue a private action. Accordingly, because Plaintiff and potential opt-in plaintiffs could suffer prejudice if a stay is granted, the Court finds that this factor weighs against the grant of a stay in the instant litigation.

### b. *Hardship and Inequity Imposed on the Moving Party without a Stay*

Defendants contend that they will suffer hardship if a stay is not granted, because they "will be forced to spend substantial time and resources defending this FLSA suit" while still being required to cooperate with the DOL investigation.[71] According to Defendants, "it is clear that Defendants will be prejudiced" if a stay is not granted, when the fact that "a DOL investigation could resolve all of the issues in [Plaintiff's] complaint without the need for costly litigation is considered."[72] In opposition, Plaintiff argues that litigation costs are "not the type of legally

---

[69] Rec. Doc. 10-1 at 4.

[70] *Id.* at 4–5.

[71] Rec. Doc. 10-1 at 5.

[72] *Id.*

recognized harm or hardship sufficient to justify a stay."[73] Plaintiff also contends that Defendants' cooperation should streamline discovery, thereby reducing the time and expense associated with litigating the collective action.[74]

As noted *supra*, the fact that Defendants may reach a settlement with the DOL does not prevent Plaintiff and potential opt-in plaintiffs from pursuing a private action against Defendants in lieu of accepting payment through a DOL settlement.[75] Defendants' argument that a DOL investigation could "resolve all of the issues" brought in Plaintiff's complaint and essentially render the instant action moot is undercut by the fact that Plaintiff has brought a private action against Defendants instead of waiting for a resolution through a DOL settlement. Defendants appear to argue that it is inequitable for them to have to litigate Plaintiff's action while simultaneously cooperating with the ongoing DOL investigation and that the Court should stay this case in order to delay their incurrence of litigation expenses. However, as noted *supra*, FLSA contemplates the existence of both DOL investigations and private actions by employees. Moreover, Defendants have not carried their burden to demonstrate that the incurrence of litigation expenses associated with the instant action while cooperating with the DOL investigation constitutes undue hardship such that a stay is warranted even where the non-moving party will likely suffer prejudice. Accordingly, the Court finds that this factor also weighs against a grant of a stay.

---

[73] Rec. Doc. 18 at 3.

[74] *Id.* at 3–4.

[75] *See Owens*, 548 F. App'x at 971; 29 U.S.C. § 216(b).

### c. *Judicial Economy*

Defendants argue that a stay of this case will promote judicial economy because a stay of this action would prevent the Court from "duplicating the effort already undertaken" by the DOL.[76] In response, Plaintiff argues that Defendants have not established that every putative class member would accept payment through the purported DOL settlement and thus, a certifiable class would remain even after the DOL settlement.[77] Plaintiff contends that the existence of a certifiable class would ultimately require the parties to litigate Plaintiff's motion to certify.[78] Defendants assert that the DOL has already conducted an investigation into Shore's compliance with FLSA and has obtained "numerous documents" from Shore relating to its payroll practices.[79] However, Defendants have not presented any evidence of the DOL's findings or the contents of a potential settlement. Moreover, Defendants have not shown that the DOL settlement would render most, much less all, of the potential opt-in plaintiffs' claims moot such that it would be inefficient to proceed with the instant litigation at this time. Indeed, Defendants' past cooperation with the DOL could streamline the discovery process in the litigation. Accordingly, this factor also weighs against the grant of a stay.

Under the circumstances of this case and after carefully weighing the "competing interests involved" pursuant to Fifth Circuit and Supreme Court precedent,[80] the Court, exercising its wide

---

[76] Rec. Doc. 10-1 at 6.

[77] Rec. Doc. 18 at 5.

[78] *Id.*

[79] Rec. Doc. 10-1 at 6.

[80] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 451, 545 (5th Cir. 1983). *See also Landis*, 299 U.S. at 255 (internal citations omitted) (holding that in determining whether to grant a stay, a court must "weigh competing interests and maintain an even balance).

discretion, finds that a stay pursuant to the Court's inherent equitable power to manage its docket is not warranted.

### B.  *Primary Jurisdiction Doctrine*

#### 1.  **Legal Standard**

"The doctrine of primary jurisdiction . . . is a doctrine of judicial abstention whereby a court which has jurisdiction over a matter, nonetheless defers to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency."[81] "No fixed formula exists for applying the doctrine of primary jurisdiction."[82] However, the Fifth Circuit has identified three factors as relevant to this inquiry: (1) whether the Court has original jurisdiction over the claim before it; (2) whether the adjudication of that claim requires the resolution of predicate issues or making of preliminary findings; and (3) whether the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body.[83]

#### 2.  **Analysis**

Defendants argue that the Court should grant a stay pursuant to the primary jurisdiction doctrine, because the DOL has specialized knowledge regarding the claims in Plaintiff's complaint.[84] Plaintiff argues that the primary jurisdiction doctrine is not applicable in this case,

---

[81] *Occidental Chem. Corp. v. La. Pub. Serv. Com'n*, 810 F.3d 299, 309 (5th Cir. 2016) (citing *REO Indus., Inc. v. Natural Gas Pipeline Co. of Am.*, 932 F.2d 447, 456 (5th Cir. 1991)).

[82] *Id.* (internal citation omitted).

[83] *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (internal citation omitted).

[84] Rec. Doc. 10-1 at 6.

because the instant litigation is a "straightforward FLSA action to recover unpaid overtime" that is "well within the Court's expertise to decide" without the aid of the DOL.[85]

Here, the Court has original jurisdiction over Plaintiff's FLSA claims. Moreover, the adjudication of Plaintiff's FLSA claims do not require the resolution of predicate issues or making of preliminary findings that the legislature has committed to an administrative body. As noted *supra*, while the DOL is authorized under FLSA to oversee repayments to current and former employees, FLSA does not require a DOL investigation prior to an employee pursuing a private action under FLSA. FLSA provides that an employee need not accept back wages from an employer as calculated by the DOL.[86] "Rather, an employee may choose to pursue an action against an employer who violates the FLSA, and in pursuing such action, can maintain a claim not only for back wages, but also for liquidated damages, attorney's fees, and costs."[87] The determination of whether Defendants appropriately compensated Plaintiff and potential opt-in plaintiffs is not particularly technical or specialized. Moreover, courts in the Eastern District of Louisiana regularly adjudicate FLSA claims like the ones presented in Plaintiff's complaint.[88] Thus, the Court finds that the three factors identified by the Fifth Circuit weigh against the application of the primary jurisdiction doctrine.

As the Fifth Circuit has instructed, "courts should be reluctant to invoke the doctrine of primary jurisdiction, which often, but not always, results in added expense and delay to the litigants

---

[85] Rec. Doc. 18 at 6.

[86] *See* 29 U.S.C. § 216(b); *Owens v. Marstek, LLC*, 548 F. App'x 966, 971 (5th Cir. 2013) (*per curiam*).

[87] *Owens*, 548 F. App'x at 971.

[88] *See, e.g.*, *Nieto v. Pizzati Enterprs., Inc.*, No. 16-5352, 2016 WL 6962513 (E.D. La. Nov. 29, 2016) (Brown, J.); *Medina v. Brothers Behrman Hwy., Inc.*, No. 13-4831, 2015 WL 3679534 (E.D. La. June 12, 2015) (Vance, J.); *Allen v. Entergy Ops., Inc.*, No. 11-1571, 2016 WL 614687 (E.D. La. Feb. 11, 2016) (Milazzo, J.).

where the nature of the action deems the application of the doctrine inappropriate."[89] Additionally, "the court must always balance the benefits of seeking the agency's aid with the need to resolve disputes fairly yet as expeditiously as possible."[90] Here, the Court finds that the potential benefit of seeking the DOL's aid is outweighed by the need to resolve Plaintiff's claims fairly and as expeditiously as possible. Accordingly, the Court finds that a stay of this litigation is not warranted pursuant to the primary jurisdiction doctrine.

### IV. Conclusion

On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[91] Here, Defendants have failed to "make out a clear case of hardship or inequity in being required to go forward," given the risk of harm to Plaintiff and potential opt-in plaintiffs if the instant litigation is stayed.[92] Therefore, the Court finds that a stay pursuant to the Court's equitable power is not warranted. Moreover, after considering the factors enunciated by the Fifth Circuit in analyzing the applicability of the primary jurisdiction doctrine and the particular circumstances of this case, the Court finds that a stay of this litigation is not warranted pursuant to the primary jurisdiction doctrine.[93]

---

[89] *Occidental Chem. Corp.*, 810 F.3d at 309–310 (citing *Columbia Gas Transmission Corp. v. Allied Chem. Corp.*, 652 F.2d 503, 520 n. 15 (5th Cir. 1981)).

[90] *Id.*

[91] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[92] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (internal citation omitted).

[93] *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (internal citation omitted).

where the nature of the action deems the application of the doctrine inappropriate."[89] Additionally, "the court must always balance the benefits of seeking the agency's aid with the need to resolve disputes fairly yet as expeditiously as possible."[90] Here, the Court finds that the potential benefit of seeking the DOL's aid is outweighed by the need to resolve Plaintiff's claims fairly and as expeditiously as possible. Accordingly, the Court finds that a stay of this litigation is not warranted pursuant to the primary jurisdiction doctrine.

### IV. Conclusion

On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[91] Here, Defendants have failed to "make out a clear case of hardship or inequity in being required to go forward," given the risk of harm to Plaintiff and potential opt-in plaintiffs if the instant litigation is stayed.[92] Therefore, the Court finds that a stay pursuant to the Court's equitable power is not warranted. Moreover, after considering the factors enunciated by the Fifth Circuit in analyzing the applicability of the primary jurisdiction doctrine and the particular circumstances of this case, the Court finds that a stay of this litigation is not warranted pursuant to the primary jurisdiction doctrine.[93]

---

[89] *Occidental Chem. Corp.*, 810 F.3d at 309–310 (citing *Columbia Gas Transmission Corp. v. Allied Chem. Corp.*, 652 F.2d 503, 520 n. 15 (5th Cir. 1981)).

[90] *Id.*

[91] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[92] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (internal citation omitted).

[93] *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (internal citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Stay[94] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  6th  day of July, 2017.

*[signature: Nannette Jolivette Brown]*

           **NANNETTE JOLIVETTE BROWN**
           **UNITED STATES DISTRICT JUDGE**

---

[94] Rec. Doc. 10.