1021-20168                                                                                           1267596

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGDALENO BIBIAN MAGANA** | **CIVIL ACTION** |
| **VERSUS** | **NO.  2:17-cv-01896** |
| **SHORE CONSTRUCTION, LLC AND KRISTI CATON** | **JUDGE NANNETTE JOLIVETTE BROWN** |
| | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## SHORE CONSTRUCTION, LLC'S AND KRISTI CATON'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE ACTION

**MAY IT PLEASE THE COURT:**

Plaintiff, Magdaleno Bibian Magana ("Magana"), has not met his burden to establish entitlement to notice/conditional certification of a collective action. Even under the lenient *Lusardi* approach, Magana has the burden to prove that conditional certification and notice are appropriate by putting forth "substantial allegations that [he] and potential opt-in members were together the victim of a single decision, policy, or plan that violated the law." *Xavier v. Belfor USA Group, Inc.*, 585 F. Supp.2d 873, 878 (E.D. La. 2008) (Zainey, J.). Magana's allegations and "declaration" attached to his Motion do not meet this standard and for that reason alone conditional certification should be denied (and Magana's declaration should be stricken for failure to adhere to basic statutory requirements for a declaration, as well as containing hearsay statements). In addition, this case is not appropriate to proceed as a collective action because the individual issues of whether each opt-in plaintiff was appropriately paid a per diem (which necessarily requires individual consideration), will predominate over any potentially collective issues.

## BACKGROUND

1. **Shore Construction, LLC**

Shore Construction, LLC, is woman-owned business that provides contract labor to other companies. As a result, in the last two years, Shore Construction has employed individuals performing contract labor for over ten different companies, working in three different states. In addition, Shore provides contract laborers with a wide variety of job descriptions and job duties. Job titles include riggers, structure welders, structure fitters, pipe welders, pipe fitters, and crane operators.

2. **Magana's Lawsuit**

The sole plaintiff in this putative collective action lawsuit, Magana, filed this lawsuit over ten months after the DOL initiated the audit into Shore's FLSA compliance.[1] Magana alleges that Shore improperly calculated his overtime rate by not including his per diem payments as part of his regular rate.[2] No other plaintiff has filed an opt-in notice.

## LAW AND ARGUMENT

1. **Magana's "Declaration" Is Not Evidence**

As set forth in Defendants' Notice of Objection to Bibian Magana's Declaration (Rec. Doc. 24), Magana's so called "declaration" is not competent evidence and therefore should not be considered by this Court in deciding this Motion. As noted by another section of this federal district, the standards for admission of affidavits and/or declarations when filed in support of a Motion to Certify are the same as those under Rule 56(c)(4) pertaining to summary judgment motions. *Xavier v. Belfor USA Group*, No. 06-491, 2008 U.S. Dist. LEXIS 108743, *19 (E.D. La. Sept. 22, 2008) (Zainey, J.). Under Federal Rules of Civil Procedure Rule 56(c)(4), an affidavit or

---

[1] *See* Rec. Doc. 1 (Complaint).
[2] *Id.* at ¶¶ 31-34.

declaration used to support a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 26(c)(4). To constitute an unsworn declaration, if such document was executed in the United States, the declaration must state that "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)." 28 U.S.C. §1746. If the declaration is executed outside of the United States the declaration must state that "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)." *Id.* These are basic statutory requirements.

Magana's declaration is deficient for a number of reasons. First, and most crucially, while it is titled "Declaration of Magdaleno Bibian Magana," it is not actually a declaration because it does not meet the statutory requirements in 28 U.S.C. § 1746.[3] Nowhere on the declaration does it recite the language required by the statute to actually constitute a declaration "under penalty of perjury" and therefore is deficient.[4] Without this, there are no repercussions for perjured statements, the repercussions being the predicate for relying upon such a declaration. Because the declaration is deficient, it likewise is unknown where the declaration was executed, *i.e.*, within or outside the United States. Thus, because the alleged declaration does not meet the basic requirements of 28 U.S.C. §1746, it is not competent evidence to support Magana's Motion to Certify and should be disregarded by this Court. *See Miller v. Fed. Home Loan Mortg. Corp.*, No. 4:12-cv-746, 2013 U.S. Dist. LEXIS 167277, *7 (E.D. Tex. Sept. 6, 2013).

In addition, parts of Magana's "declaration" are not based on personal knowledge and therefore do not meet the requirements of Rule 56. In particular paragraphs 3, 9, and 10 are based

---

[3] Rec. Doc. 12-2.
[4] *Id.*

on hearsay and not Magana's personal knowledge and, therefore, must be disregarded. *See West v. Phelps Dodge Ref. Corp.*, No. EP-07-CA-197-FM, 2009 U.S. Dist. LEXIS 51183, *5-7 (W.D. Tex. Jan 27, 2009) (striking various paragraphs of a declaration in support of an FLSA motion to certify where the statements were based on hearsay or not personal knowledge).  More particularly, in paragraph 3, Magana states in part that "I know from my conversations with other Shore Construction employees that they also received two checks every week."[5] This statement is plainly hearsay as it refers to statements made out of court offered to prove that workers were paid two checks every week. Therefore, this statements should be stricken. *Id.* at *13-14. Similarly, in Paragraph 9, Magana states that:

> I know from my conversations with my co-workers that they also were paid an hourly rate and received per diem checks every week. For every hour they worked in excess of forty in any particular work week, they were paid an overtime rate that did not include the per diem amounts. My co-workers often worked more than forty hours per week.[6]

Like paragraph 3, this statement also relies on out of court conversations offered to prove the truth of the matter asserted, are plainly hearsay, and therefore should be stricken. *Id.* Last, in paragraph 10, Magana states that "I know from my conversations with other workers that some of them would be interested in joining this lawsuit to recover unpaid overtime wages." Like paragraphs 3 and 10, this statement relies on out of court statements (Magana's conversations with co-workers), is hearsay and should be stricken. *Id.*

In sum, Magana's "declaration" fails as to both form and substance. It is deficient in failing to contain rudimentary statutory requirements for such declarations and does not meet the requirements of Rule 56 because it contains hearsay. Therefore, this Court should not consider the "declaration" (Rec. Doc. 12-2), as support for Magana's Motion to Certify.

---

[5] *Id.*
[6] *Id.*

2. **Notice/Conditional Certification of a Collective Action**

In the U.S. Fifth Circuit, courts normally use the two step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), to determine whether a case will be certified as a collective action. *Mooney v. Aramaco*, 54 F.3d 1207 (5th Cir. 1995); *Xavier v. Belfor*, 585 F. Supp. 2d. 873 (E.D. La. 2008) (Zainey, J.). Under the *Lusardi* approach, the district court first decides whether to issue notice to potential "class members" based on the record before it and in the second step after notice and discovery has occurred, the court decides whether the "class" members are in fact similarly situated. *Xavier*, 585 F. Supp. 2d at 877. To entitle a plaintiff to notice under *Lusardi*, the plaintiff must make a preliminary showing that the potential class members were "together the victim of a single decision, policy or plan." *Id.* The plaintiff must provide "sufficient evidence of a[n] . . . illegal policy involving the alleged claims." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504 (M.D. La. 2005). Where plaintiff cannot provide evidence any illegal policy, decision or plan, notice/conditional certification as a collective action is not appropriate. *Id.* To determine whether notice is appropriate courts look to "whether potential plaintiffs were identified . . .; whether affidavits of potential plaintiffs were submitted . . .; and whether evidence of a widespread discriminatory plan was submitted . . . ." *Id.* at *10.

Magana cannot meet his burden of proof to establish that the potential class members are similarly situated, or that they were victims of an illegal policy such to allow notice/conditional certification as a collective action. While conditional certification of a collective action under the *Lusardi v. Xerox Corp.*, case is typically lenient, certification is not automatic. *Xavier*, 585 F. Supp.2d at 878. A plaintiff <u>must provide</u> some factual basis for the allegations; "unsupported assertions of widespread violations are not sufficient to meet plaintiff's burden." *Id.* at 877 (quoting *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)). While courts can rely on

the pleadings and declarations when granting certification, the plaintiff must provide detailed allegations and some factual support. *Id.*

Here, without Magana's facially deficient declaration, he has not such evidence at all. Regardless, even with the declaration and ignoring its hearsay attempting to show that a few other unnamed and unknown workers "were paid an overtime rate that did not include the per diem amounts," there is no support for any allegation that there was some kind of generally applicable policy or practice that violates the FLSA that justifies an invasive, disruptive, and morale-affecting lawsuit that seeks to send notice to all of Magana's co-workers of some alleged wrongdoing. What is absent from Magana's pleadings are that he sustained an injury with Shore Construction, was being provided with Louisiana workers' compensation benefits, but became unhappy with such benefits and filed the instant FLSA lawsuit. It is a *non sequitur* that Magana would claim in his "declaration" to have discussed Shore Construction's allegedly wrongful overtime practices with other interested workers who, despite Magana's strenuous allegations about the harmful effects of the statute of limitations, have not opted into this lawsuit. It is an irony that, when taken in conjunction with Magana's declaration's facial deficiencies, should at the very least cast suspicion on the evidence before the Court.

   3. **The Proposed Collective Action Plaintiffs Are Not Similarly Situated to Magana, Therefore Conditional Certification of the Collective Action is Inappropriate**

Even if Magana could produce evidence to warrant the requested FLSA notice to potential opt-in plaintiffs such that there were other workers who are or were formerly employed by Shore Construction and had the same job title, did the same work, and were paid in the same manner, those people would still not be similarly situated because individual issues of fact would predominate over the general issues making this case not appropriate for certification. Here, the

proposed collective action includes employees who work at different job sites and employees with different job duties, which is too broad under law.

a) <u>The Potential Opt-In Plaintiffs are not Similarly Situated because Evaluation of the Legality of a Per Diem Payment Requires Consideration of Each Individual's Facts and Circumstances</u>

The U.S. Fifth Circuit has held that whether or not a per diem is appropriate is a question that must be examined on a case-by-case basis looking at each individual employee's expenses. *Berry v. Excel Group, Inc.*, 288 F.3d 252, 254 (5th Cir. 2002). In *Berry v. Excel Group, Inc.*, the plaintiff alleged that his employer violated the FLSA by paying all employees a $100 to $150 per diem which amount was not included in his regular rate of pay. *Id.* at 253. The court held that to determine whether the per diem should be included in the regular rate of pay the court had to examine each employee's individual expenses like the cost to live away from home or other properly reimbursable expenses. *Id.* The U.S. District Court for the Eastern District of Texas has likewise noted that "the court will measure the reasonableness of the employer's per diem policy on an employee by employee basis to see if the amount paid reasonably approximates each individual employee's excludable expenses." *Picton v. Excel Group, Inc.*, 192 F. Supp. 2d 706, 711 (E.D. Tex. 2002).

It is therefore evident that consideration of whether a per diem is appropriate requires extensive discovery and consideration of the circumstances of each individual plaintiff making per diem issues not appropriate for certification as a collective action. Courts within this circuit have noted that conditional certification of a collective action is not appropriate where the action "relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Xavier*, 585 F. Supp.2d at 877; *see also Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2011 U.S. Dist. LEXIS 155351, *32 (E.D. La. Sept. 29, 2011) (Zainey, J.) (denying certification

where individual inquiries, *e.g.,* when the principle activity of the day occurred, predominated over collective issues). Further, where individual inquiries predominate in a case, the proposed opt-in plaintiffs are not similarly situated and conditional certification is not appropriate. *England v. New Century Fin. Corp.*, 370 F. Supp.2d 504, 510 (M.D. La. 2005). In *England v. New Century Finance Corp.*, the plaintiff sought certification of a collective action which would have included managers in eighty branches located in thirty states, would require taking potentially over two hundred depositions, and made allegations regarding "off the clock" work. *Id.* The court reasoned that the potential opt-in plaintiffs were not similarly situated because the employees were from different locations, had different managers, and different factual circumstances to determine if off the clock work occurred. Further, the court reasoned that if there was liability found at one location it would not necessarily require the court to find liability at another location. *Id.* at 511. Thus, individual issues predominated and notice/conditional certification was not appropriate. *Id.*

Here, any consideration of whether a potential opt-in plaintiff's regular wage was calculated improperly must necessarily depend on the individual circumstances of that plaintiff. As the Fifth Circuit has noted, whether a per diem is appropriate must take into account specific things about that plaintiff like where the plaintiff resides, whether the plaintiff has to obtain temporary lodging for his job, and whether he must provide any tools or equipment for the job. *Berry*, 288 F.3d at 254. Those items would be properly reimbursable with a per diem and therefore not a violation of the rules relating to the regular rate of pay in 29 U.S.C. § 207.  These are not the kind of violations that could easily be resolved by a collective action as it would require seeking written discovery as well as depositions from each and every opt-in plaintiff as to their individual circumstances. Thus, to the extent Magana's estimate that there are 100 similarly situated

employees[7] is correct, that would necessitate taking written discovery, requesting documents, and deposing each one of those 100 employees in the event they opted in to this litigation to determine whether their per diem payment reasonably approximated their actually reimbursable expenses. As the Middle District of Louisiana noted in *England*, the factual circumstances are so disparate and so many depositions would be required, the case is not appropriate for certification as a collective action. *See England*, 370 F. Supp. 2d at 511.

  b)  <u>In the alternative, Magana Cannot Make a *Prima Facie* Showing of an Illegal Policy or Practice</u>

To send notice and conditionally certify this case as a collective action, Magana must establish that there is some kind of policy, plan or scheme binding the claims together so to promote judicial efficiency. *England*, 370 F. Supp.2d at 508. Magana's conclusory assertions in his Complaint that "Defendants did not include all remuneration paid to plaintiff and other similarly situated employees in the calculation of the overtime rate of pay for Plaintiff and other similarly situated employees"[8] and other boilerplate assertions are not sufficient to meet his burden. In *Santinac v. Worldwide Labor Support of Illinois, Inc.*, the Southern District of Mississippi held that where the plaintiff relied solely on his Complaint in support of a motion to certify, the unsupported assertions that "there are hundreds of similarly situated current and former employees who were not paid overtime and that potential opt-in plaintiffs undoubtedly exist" was insufficient to meet his burden to grant notice. No. 1:15CV25-LG-RHW, 2015 U.S. Dist. LEXIS 13261, *6 (S.D. Miss. Feb. 4, 2015); *West*, 2009 U.S. Dist. LEXIS 51173, *28; *Xavier*, 2008 U.S. Dist. LEXIS 108743, *19. The allegations in Magana's Complaint are nearly identical to the boilerplate assertions the court found insufficient in *Santinac*. At the most basic level, Magana has

---

[7] Rec. Doc. 1 (Complaint) ¶ 7.
[8] Rec. Doc. 1 (Complaint), ¶ 29.

submitted no evidence and nothing other than conclusory assertions in his Complaint that there is any common policy, plan, or scheme. His unsupported assertions in his Complaint that there are other similarly situated employees who were paid a per diem cannot meet the standard in *Lusardi*.

Even if this Court were to consider the facially deficient declaration of Magana, he still would not have established even a preliminary showing that there is a <u>policy, plan or scheme</u> that violated the FLSA. In his "declaration"[9] Magana does not attest any facts to show that he was paid a per diem for impermissible expenses, he certainly does not attest that any of the other people he purportedly spoke with do not have properly reimbursable expenses.[10] Magana instead seems to assume that the only permissible thing that a per diem could reimburse is "tools and supplies" needed for his position.[11] This is incorrect, as a per diem may properly reimburse an employee for things like travelling expenses, temporary home-to-work expenses and other expenses allowed by law. *See Berry*, 288 F.3d at 253. In order for Magana to establish that he and others were improperly paid a per diem he needs to do more than simply say (based on hearsay) that other co-workers received a per diem and the overtime rate did not include that per diem. Rather, he would need to present some kind of evidence, typically in the form of affidavits from those employees, that other employees do not have properly reimbursable expenses. As it stands, it is quite possible that all of the other employees that Magana is referring to, for example, reside away from the job site and therefore could be properly paid a per diem. Thus, even if Magana's declaration was admissible, Magana would still not have provided the threshold showing of an illegal policy or plan of paying per diems, and this case should not be conditionally certified as a collective action for that independently sufficient reason.

---

[9] As noted above and in Defendants Notice of Objection, Rec. Doc. 24, this is not accurately described as a declaration because it does not meet the formal requirements of the statute.
[10] Rec. Doc. 12-2.
[11] Rec. Doc. 12-2.

c)  The Proposed Opt-In Plaintiffs are not Similarly Situated to Magana Because they Work at Different job sites.

Magana recognized in his Motion to Certify that for a putative class to be similarly situated it requires the members of the proposed class to have the same job title, the same job responsibilities, and work at the same locations;[12] but Magana provides no evidence or even "substantial allegations" that the workers in his proposed collective action have the same job titles, the same job responsibilities, or work at the same location. Courts have held that where the employees work at different job sites or locations that weighs in favor of denying conditional certification. *See Ray v. Motel 6 Operating, Ltd. P'ship.*, 1996 U.S. Dist. LEXIS 22565, * 10 (D. Minn. Feb 15, 1996). Where the proposed opt-in plaintiffs work in different parts of the country and at different work sites, they are not similarly situated. *Id.*; *see also Falcon v. Starbucks Corp.*, 580 F.Supp.2d 528, 539 (S.D. Tex. 2008); *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 3d 759, 763 (N.D. Ill. 2004).

Shore Construction is at base a contract labor company that provides labor to various other companies upon request. In the last two years, Shore has had employees working for over ten different companies at different work sites located in three states. The opt-in definition proposed by Magana therefore includes employees not similarly situated to Magana as they did contract work for different companies at different work sites in different states. Further, Magana worked solely at Shore Construction's facility in Gibson, Louisiana, and thus has demonstrated no personal knowledge of how employees working for other customers at other sites were paid. Thus, there is no evidence whatsoever that any employees working at other job sites are similarly situated and Magana cannot meet his burden to establish such as he has not provided any substantial allegations in his Complaint or anything in his declaration to establish that employees at other work sites had

_____

[12] Rec. Doc. 12-1 (Memorandum in Support), p. 14.

a similar payment scheme to his. Further, and as discussed above, Shore employees work at different locations thus further showing that the individual facts and circumstances of the employees must predominate—an employee working at a site in Texas may have reimbursable expenses wholly different from an employee working at a site in Louisiana and it would require extensive discovery to determine such. Thus, this case is not appropriate for certification as a collective action.

Even if this court were to consider Magana's deficient declaration, his declaration would not provide sufficient allegations. Magana's "declaration" did not state at what job site the employees he had conversations with worked.[13] Therefore, the "declaration" cannot establish that Magana and the alleged other employees are similarly situated.

> d) <u>There are no Allegations or Evidence that the Proposed Opt-Ins Have Similar Job Duties, Job Titles, or Job Responsibilities.</u>

Courts also hold that certification of a collective action is inappropriate where the proposed opt-ins have different job titles, duties, and/or responsibilities. *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 U.S. Dist. LEXIS 101297, *5 (S.D. Tex. Dec. 11, 2008); *Aguirre v. SBC Communs., Inc.*, 2007 U.S. Dist. LEXIS 17259, *35 (S.D. Tex. Mar. 12, 2007). Courts reason that potential opt-in plaintiffs are not similarly situated where they have different job requirements. *Id.* Here, Magana identified his job title as a "rigger" and described his individual job duties, but did not limit the proposed opt-in notice only to riggers or those with similar job titles.[14] Rather, Magana requested opt-in notices be sent to "all individuals who worked or are working for Shore Construction, LLC during the previous three years who received per diem payments . . . ."[15] The allegations in Magana's Complaint are not sufficient to establish that the alleged opt-in plaintiffs

---

[13] Rec. Doc. 12-2.
[14] Rec. Doc. 12-1; Rec. Doc. 12-2.
[15] Rec. Doc. 12-1, p. 5.

have similar job titles—it merely makes the unsupported legal conclusion that there are "other similarly situated employees" to Magana.[16] This allegation falls far short of the standard to grant certification which requires, at the very least, "detailed" allegations in the Complaint. The Complaint does not assert whether there are any other employees who work with Magana who have a similar job title or job duties. Therefore there is no support that there are similarly situated employees. *See Cohen v. Allied Steel Bldgs., Inc.*, 554 F. Supp.2d 1331, 1334 (S.D. Fla. 2008) (holding that there was insufficient evidence to support certification of collective action where the attached affidavit did not give a description of the job duties of the alleged opt-in class).

Defendants have requested that this Court strike Magana's "declaration" as incompetent and not consider it with this Motion. However, even if the declaration is considered, Magana still cannot meet the standard to establish that there are similarly situated employees with similar job duties. While Magana alleges that he has spoken with other Shore employees who would be interested in joining this suit (a hearsay statement), Magana has not stated whether those employees were also riggers or whether they had a different job description.[17] Further, while Magana attests that he knows that other employees were paid per diems and those per diems were not included in the regular rate of pay, Magana does not state who these people are, what their job title is or what their job description is.[18] Magana has therefore not provided sufficient allegations or evidence to establish that there are similarly situated people.

In addition, Magana has not provided any affidavits or declarations from the people he alleges may be interested in opting into this case nor have any other employees or former employees filed opt-ins to this litigation. *Mason v. Amarillo Plastic Fabricators*, No. 2:15-CV-

---

[16] Rec. Doc. 1 (Complaint), ¶ 28-30.
[17] Rec. Doc. 12-2.
[18] *Id.*

00109-J, 2015 U.S. Dist. LEXIS 95624, * 12 (N.D. Tex. 2015) (noting that in most cases where a court grants certification without affidavits or declarations from potential opt-ins the case had more than one named plaintiff). Thus, there is no evidence, other than hearsay assertions in a deficient "declaration," that there are other similarly situated employees.

In sum, notice and conditional certification of this case as a collective action is inappropriate because Magana has not provided evidence or even substantial allegations that there is a policy or plan that violates the FLSA, nor has he established that there are other similarly situated employees or former employees. Further, even if Magana had established that, this case requires individual factual development for each plaintiff to determine if the per diem was appropriate and thus this case is inappropriate for notice/conditional certification as a collective action.

### 4.  Magana's Proposed Definition of the "Class" is Too Broad

Magana defines the class as all individuals who are working or who have worked for Shore in the past three years, worked overtime, and received a per diem. To the extent that this Court believes that certification as a collective action is appropriate, the proposed class should be narrowed from Magana's proposal. First, as discussed above in 3(d), Magana does not limit the proposed class to employees with a similar job title, job duties, or job description but casts an entirely too broad net of "all employees." Thus, if this Court is inclined to grant notice/conditional certification, the proposed class should be limited to only those employees or former employees with similar job duties to Magana, *i.e.*, riggers.

Second, as described above in 3(c), Magana's proposed class is too broad to the extent that it requests certification for all employees or former employees and does not limit the proposed class to employees who solely worked at the location where Magana worked. Thus, if this Court

is inclined to grant certification, the proposed class should be limited only to those employees that worked at the Shore Construction's Gibson, Louisiana, facility.

Third, Magana proposes that the class include employees or former employees that received per diem payments in the previous three years. As this Court is no doubt aware, under the FLSA the statute of limitations period for FLSA violations is two years unless plaintiff can establish that the violation was willful. 29 U.S.C. §255(a).  The three year statute of limitations is only appropriate where the plaintiff can show that the "employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp.2d 903, 923-24 (E.D. La. 2009).   Indeed, this Honorable Court has previously refused to grant the three year opt-in period where there was no evidence of a willful violation. *See Rendon v. Global Tech Solutions, LLC*, 2015 U.S. Dist. LEXIS 162914, *30 (E.D. La. Dec. 4, 2015) (Brown, J.). Magana has not made any sort of detailed allegation that Defendants willfully violated the FLSA; the bald assertion of a willful violation is insufficient. Therefore, the proposed class and notice should be limited to two years if this court finds conditional certification is appropriate.

## 5. Should the Court Find that Class Certification is Warranted, the Requested Discovery Should be Limited in Scope

Magana requests discovery of the names and last known addresses of the "potential class members"[19] which as defined in his Motion would include all current and former employees of Defendants who received a per diem and worked overtime in the last three years. As discussed in Part 4 above, that description is far too broad and includes employees and former employees that are not similarly situated to Magana, and includes an unsupported time period. Thus, to the extent that this court is inclined to grant Magana's Motion and allow notice to a proposed group of

---

[19] Rec. Doc. 12-1, p. 21.

potential opt-in plaintiffs, Defendants request that the discovery of the names and addresses be limited to the employees that meet the definition of the class as defined by this Court should this Court find that there is any such similarly situated class, as follows:

> Individuals who worked or are working for Shore Construction, LLC, as a rigger at the Shore Construction, LLC facility in Gibson, Louisiana, during the previous two years, who received a per diem payment for any week(s) in which he or she worked more than 40 hours in a work week.

## **CONCLUSION**

This case is not appropriate for proceeding as a collective action because the individual issues required to determine whether the per diem was proper will predominate over any collective issues. Further, even this case was proper for a collective action, Magana does not meet the burden to establish that there was a common policy or procedure that was illegal, nor could he establish that there were others similarly situated. Magana's declaration is invalid and therefore he can rely only on the conclusory and unsupported assertions in his Complaint. Those assertions are simply not sufficient under the law to establish that the potential opt-ins are similarly situated and therefore this Court should deny Magana's Motion in full. In the alternative, and should this Court find that class certification is warranted, this Court should limit the scope of Magana's requested discovery to that hereinabove set forth.

Respectfully submitted:


___/s/ Gavin H. Guillot_____
Gavin H. Guillot, T.A. (#31760)
Salvador J. Pusateri (#21036)
Elizabeth B. McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Gavin.Guillot@pbgglaw.com
Salvador. Pusateri @pbgglaw.com
Elizabeth.McIntosh@pbgglaw.com
ATTORNEYS FOR SHORE
CONSTRUCTION, LLC & KRISTI CATON


**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.


___/s/ Gavin H. Guillot__