UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGDALENO MAGANA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-01896** |
| **SHORE CONSTRUCTION, LLC ET AL** | **SECTION: "G" (4)** |

## ORDER

Before the Court is a **Motion to Withdraw as Counsel of Record (R. Doc. 37)** filed by counsel for the Plaintiff seeking to withdraw as counsel representing the plaintiff, but also seeking to remain as counsel for the "putative FLSA class." The motion is opposed. R. Doc. 39. The motion was heard on November 29, 2017.

### I. Background

The instant action was filed March 6, 2017, as a collective action complaint by named Plaintiff Magdaleno Magana against Shore Construction, LLC and Kristi Caton. Magana was employed by the defendants and alleges that he was not paid the proper overtime rate he was due in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that he normally worked in excess of forty hours per week and the defendants failed to pay him at the one-and-a-half times his regular hourly rate for those overtime hours as well as excluded per diem payments from the calculation of the overtime pay rate. Magana seeks to recover from the defendants unpaid wages, interest, liquidated damages, and attorney's fees and costs on behalf of himself and other similarly situated employees. R. Doc. 1.

On June 13, 2017, the plaintiff filed a motion to conditionally certify the collective action. R. Doc. 12. That motion is still pending before the District Court. Counsel for the plaintiff state that Magana no longer wishes to be represented by them, therefore, they filed the instant motion to withdraw as counsel on November 11, 2017. Counsel states that have complied with Local Rule

83.2.11. Counsel also argue that it is in the interests of the "FLSA class" to remain in the case to represent any opt-in plaintiff who may join if it is conditionally certified. They also state that because the plaintiff has not retained alternative counsel allowing the action to proceed without them is prejudicial to class members. R. Doc. 37-1.

The defendants do not oppose plaintiff's counsel withdrawal from the case, however, they do oppose counsel from representing any opt-in plaintiffs as part of the collective action. R. Doc. 39. Defendants argue that the putative collective action has no separate legal existence, even when the action is certified, and that a collective action is merely a group of individuals who elect to be represented by the same counsel as the named plaintiff. R. Doc. 39, p. 2. They argue that withdrawing counsel is trying to be part of litigation where they represent no client. *Id.* Defendants further argue that even if it was possible to represent the putative collective action, there is no indication that the counsel would be appropriately designated as such due to counsels own actions regarding discovery issues in the case. *Id*. at 3.

## II.    Standard of Review

Local Civil Rule 83.2.11 governs the withdrawal of counsel for cases in the United States District Court for the Eastern District of Louisiana. Local Rule 83.2.11 requires that original counsel must represent the party for whom counsel appears unless the court permits withdrawal. Permission can only be obtained upon joint motion of current counsel for record and substituted counsel for record or by written motion that is served upon opposing counsel and the client. LR 83.2.11. If counsel is not substituted then the motion to withdraw must contain the present address of the client as well as the client's phone number and the motion must be accompanied by a certificate of service that includes a statement saying the client has been notified of all deadlines

and pending court appearance. *Id.* Service is required on the client by certified mail as well as on opposing counsel, and if service has not been made an affidavit stating why is required.

The FLSA creates a private right of action for employees when an employer violates its provisions. 29 U.S.C. § 216(b). The FLSA further allows for one or more employees to pursue a collective action in a representative capacity on behalf of those employees who are similarly situated. To proceed as a representative action two requirements must be met: (1) all plaintiffs must be similarly situated; and (2) a plaintiff must consent in writing to take part in the suit. *Chapman v. LHC Grp., Inc.*, 126 F.Supp. 3d 711, 719 (E.D. La. Aug. 27, 2015) (Brown, J.). This second requirement is important because this type of representative action follows an opt-in, rather than opt-out procedure.

The determination of whether plaintiffs are similarly situated for FLSA conditional certification follows one of two methods. The first method is a two stage class certification approach and the second method is the "spurious" class action approach. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168 (E.D. La. July 13, 2016) (Barbier, J.). No matter what method a court follows, the opt-in requirement still exists. The opt-in provision of the FLSA therefore makes it so that the class of persons bound by the results in the case are only those who have filed a written consent affirming their agreement to be bound. *See Shushan v. Univ. Colo. At Boulder*, 132 F.R.D. 263, 265 (D. Colo. Apr. 13 1990); *See also Chapman*, 126 F.Supp. 3d at 721. As the United States Supreme Court has noted, when FLSA conditional certification is granted, the sole consequence is the sending of court-approved written notices to employees who in turn only become parties by filing written consent. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). There is no creation of a class with independent legal status, nor are additional parties joined when there is a "conditional certification" under the FLSA. *Id.*

### III.   <u>Analysis</u>

The Court has reviewed the instant motion to determine whether the requirements for withdrawal pursuant to Local Rule 83.2.11 have been satisfied. The Court finds that the requirements of the Local Rule regarding withdrawal have been met by the movants and therefore their withdrawal from the representation of Mr. Magana is granted.

In addition, movants seek to withdraw from representing the plaintiff, yet wish to somehow represent what they refer to as the "putative FLSA class." R. Doc. 37. No conditional certification has occurred in this case because that motion is still pending before the District Court. R. Doc. 12. At this point in the litigation there are no additional parties to be bound apart from the plaintiff and the defendants. Withdrawing counsel is asking to be remain counsel for additional plaintiffs that don't exist at this time. Those additional plaintiffs cannot exist unless the District Court grants conditional certification and then those potential plaintiffs affirmatively opt-in by providing their written consent to bind themselves to this litigation.

The argument that movants should remain as counsel representing this "putative class" because otherwise these members may be prejudiced is nonsensical. 29 U.S.C. § 216 requires a plaintiff to opt-in and only those opt-in plaintiffs are bound to the results of the case. Therefore, one of these currently non-existent plaintiffs is not required to opt-in and be represented by whomever Magana chooses to replace the movants as counsel, nor are these currently non-existent plaintiffs required to opt-in to a case that movants consider prejudiced because movants no longer provide representation. A private right of action still exists for those employees who choose to not opt-in and as a result they are not prejudiced by Magana's termination of the attorney-client relationship with movants because those potential plaintiffs can always exercise their private right

of action outside of this instant case. Movant's request to remain as counsel for a "putative FLSA class" is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Withdraw as Counsel of Record (R. Doc. 37)** is **GRANTED in PART** and **DENIED in PART**.

**IT IS FURTHER ORDERED** that the motion to withdraw as counsel of record is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to remain as counsel for the so-called "putative FLSA class" is **DENIED**.

New Orleans, Louisiana, this 30th day of November 2017.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**