# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1896** |
| **SHORE CONSTRUCTION, LLC,** *et al.* | **SECTION: "G" (4)** |

## ORDER

Pending before the Court is "Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs."[1] Having considered the motion, memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Plaintiff Magdaleno Magana ("Plaintiff") filed this putative class action on March 6, 2017, alleging violations of the Fair Labor Standards Act ("FLSA").[2] Plaintiff alleges that he worked for Defendants Shore Construction, LLC, and Kristi Caton (collectively, "Defendants") as a "rigger" unloading barges in Gibson, Louisiana.[3] Plaintiff claims that Defendants paid Plaintiff a regular rate of $9.00 per hour, an overtime rate of $13.50 per hour, and a $50 per diem.[4] Thus, Plaintiff alleges that Defendants wrongfully did not include the $50 per diem in the calculation of Plaintiff's overtime premium pay.[5]

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1 at 1.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

1

On June 13, 207, Plaintiff filed the instant motion.[6] On July 11, 2017, Defendants filed an opposition to Plaintiff's motion.[7] On July 19, 2017, Plaintiff filed a reply to Defendants' opposition.[8]

## II. Parties' Arguments

### A. *Plaintiff's Motion*

Plaintiff states that "[h]e was paid $9.00 per hour for the hours up to 40 in a work week, $13.50 for the hours in excess of 40 in a work week, and a $50 daily per diem."[9] Plaintiff alleges that "Defendants did not include Plaintiff's per diem payments when calculating his overtime rate."[10] Moreover, Plaintiff alleges that he "has had conversations with other Shore Construction employees who [] received per diem payments that were not included in the calculation of their overtime rate."[11]

Plaintiff states that at the "notice stage" of a FLSA representative action, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."[12]

Plaintiff states that, in his complaint, he "alleges that he and others similarly situated were not paid the proper overtime wages for all the hours they worked for the Defendants."[13] Moreover,

---

[6] Rec. Doc. 12.

[7] Rec. Doc. 25.

[8] Rec. Doc. 30.

[9] Rec. Doc. 12-1 at 7.

[10] *Id.* at 8.

[11] *Id.*

[12] *Id.* at 11 (quoting *Donohue v. Francis Servs., Inc.*, No. Civ. A. 04-170, 2004 WL 1161366, at *3 (E.D. La. May 24, 2004) (Barbier, J.)).

Plaintiff states that his sworn declaration "elaborates on Defendants' unlawful pay practices."[14] Plaintiff argues that "[t]hese allegations establish that there is sufficient evidence to show that a substantial class of other individuals employed by the Defendants were likely treated similarly, if not identically."[15] According to Plaintiff, Plaintiff and the "Putative Class" were supervised by Shore Construction Foremen, recorded their hours for Shore Construction by punching in and out of a time clock, were paid an hourly rate and a per diem for labor, often worked more than forty hours per week, and did not receive proper overtime payment.[16] Moreover, Plaintiff states that he has spoken with other employees of Defendants who "would be interested in joining this lawsuit."[17] Plaintiff argues that this action arises "from a generally applicable rule, policy or practice," as it stems from Defendants' alleged general failure to include per diem payments when calculating overtime rates."[18]

Moreover, Plaintiff states that the Court "has discretion to approve and authorize notice to potential plaintiffs . . . ."[19] Plaintiff argues that such notice is "essential to effectuating the broad remedial purposes of the FLSA."[20] Plaintiff argues that approving notice will promote efficient resolution of the claims, and the notice will only be sent to those on the list provided by Defendants

---

[13] *Id.* at 13.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 13–14.

[17] *Id.* at 14.

[18] *Id.*

[19] *Id.* at 18.

[20] *Id.*

to ensure that only those similarly situated will join the action.[21] Plaintiff further requests that the Court order Defendants to produce the names, addresses, and dates of employment of potential opt-in plaintiffs, as well as provide an opt-in period of 60 days.[22]

### B. *Defendants' Opposition to Plaintiff's Motion*

Defendants first argue that Plaintiff's "'declaration' fails as to both form and substance" and, therefore, should not be considered by this Court in deciding this motion.[23] Defendants assert that Plaintiff's declaration does not meet the requirements of 28 U.S.C. § 1746, since the declaration does not state that it was a declaration made "under penalty of perjury."[24] Defendants additionally assert that parts of Plaintiff's declaration "are not based on personal knowledge and therefore do not meet the requirements of Rule 56."[25] Specifically, Defendants argue that paragraphs 3, 9, and 10 of Plaintiff's declaration are based on hearsay, as Plaintiff cites his conversations with other employees to support his claims.[26]

Defendants also argue that Plaintiff does not meet the burden of proof set forth in *Lusardi v. Xerox Corp.*, which provides that Plaintiff must provide some factual basis upon which Plaintiff

---

[21] *Id.* at 19–20.

[22] *Id.* at 21.

[23] Rec. Doc. 25 at 4.

[24] *Id.* at 3 (citing *Miller v. Fed. Home Loan Mort. Corp.*, No. 4:12-cv-746, 2013 U.S. Dist. LEXIS 167277, at *7 (E.D. Tex. Sept. 6, 2013).

[25] *Id.* at 3.

[26] *Id.* at 3–4.

and the potential class members were victims of a single decision, policy, or plan.[27] Defendants state that Plaintiff has no evidence "without [his] facially deficient declaration."[28]

Moreover, Defendants state that even with the declaration, "[w]hat is absent from [Plaintiff's] pleadings are that he sustained an injury with Shore Construction, was being provided with Louisiana workers' compensation benefits, but became unhappy with such benefits and filed the instant FLSA lawsuit."[29] Defendants argue that it is irrelevant that Plaintiff spoke with other employees who have not opted into this lawsuit.[30]

Defendants then argue that even if there were potential opt-in plantiffs who had the same job title, did the same work, and were paid in the same manner, "individual issues of fact would predominate over the general issues making this case not appropriate for certification."[31] Defendants assert that "[t]he U.S. Fifth Circuit has held that whether or not a per diem is appropriate is a question that must be examined on a case-by-case basis looking at each individual employee's expenses."[32] Defendants then argue that the instant matter is not appropriate for collective action, since the action relates to an individual's specific circumstances.[33]

Defendants assert, in the alternative, that Plantiff "has submitted no evidence and nothing other than conclusory assertions in his complaint that there is any common policy, plan, or

---

[27] *Id.* at 5 (citing *Xavier v. Belfor*, 585 F. Supp. 2d. 873, 878 (E.D. La. 2008)).

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 7 (citing *Berry v. Excel Group, Inc.*, 288 F.3d 252, 254 (5th Cir. 2002)).

[33] *Id.* (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 510 (M.D. La. 2005)).

scheme."[34] Defendants argue that Plaintiff "would need to present some kind of evidence, typically in the form of affidavits from those employees, that other employees do not have properly reimbursable expenses."[35] Thus, Defendants assert that Plaintiff's allegations "cannot meet the standard in *Lusardi*."[36]

Furthermore, Defendants contend that Plaintiff does not make any allegation that he was paid a per diem for impermissible expenses or any allegation that other potential plaintiffs did not have reimbursable expenses.[37] Defendants argue that, since it is possible to properly pay employees a per diem, Plaintiff has not met the burden of proof of showing an illegal policy or plan.[38]

Defendants also argue that Plaintiff has not provided any evidence that other employees had the same job titles, the same job responsibilities, or worked at the same location.[39] Defendants note, "In the last two years, Shore has had employees working for over ten different companies at different work sites located in three states."[40] Thus, Defendants argue, "The opt-in definition proposed by [Plaintiff] therefore includes employees not similarly situated to [Plaintiff] as they did contract work for different companies at different work sites in different states."[41] Defendants additionally argue that the fact that Shore employees work at different locations demonstrates that

---

[34] *Id.* at 9–10.

[35] *Id.*

[36] *Id.* at 10.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 11.

[40] *Id.*

[41] *Id.*

"this case is not appropriate for certification as a collective action," as different employees are faced with different individual facts and circumstances.[42] Defendants note that Plaintiff's declaration does not state the specific job site where his conversations with other employees occurred.[43] Therefore, Defendants argue, the declaration does not establish that the employees were similarly situated.[44] Moreover, Defendants assert that Plaintiff has also not provided any declarations or affidavits from other individuals that they are similarly situated.[45] Thus, Defendants argue that Plaintiff has not provided sufficient evidence to establish that there are other potential plaintiffs who are similarly situated.[46]

Defendants further argue that the proposed class includes employees who are beyond the FLSA statute of limitations.[47] Finally, Defendants argue that if a class is certified, the requested discovery should be limited in scope to individuals that received overtime pay as a "rigger" at the Shore Construction Gibson, Louisiana facility during the past two years if the Court grants Plaintiff's motion.

### C. *Plaintiff's Reply to Defendants' Opposition*

Plaintiff first states that he has executed a new declaration, which meets the requirements of 28 U.S.C. § 1746 and "cures the technical defect highlighted by Defendants' opposition brief."[48] Moreover, Plaintiff asserts that courts in the Fifth Circuit have required that an affidavit or

---

[42] *Id.* at 12.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.* at 13.

[47] *Id.* at 15.

[48] Rec. Doc. 30 at 1.

declaration in support of a motion for conditional certification is based on personal knowledge, rather than requiring that it is evidence admissible at trial.[49] Plaintiff contends that his declaration is based on personal knowledge, as it is based on personal observation and interaction with his coworkers.[50]

Moreover, Plaintiff argues that he has provided sufficient evidence that Defendants had a general practice of not including per diem payments in the calculation of their worker's overtime rate.[51] Plaintiff states that the evidence of the declaration and the paycheck stub demonstrates that Plaintiff "regularly received per diem payments that were not included in the calculation of his overtime rate."[52]

Plaintiff further argues that Defendants' arguments regarding individualized discovery for the propriety of a per diem payment are not relevant to this case because no discovery has taken place.[53] Plaintiff states that Defendants rely on cases at the summary judgment stage, but Plaintiff "has met the lenient standard under *Lusardi*."[54]

According to Plaintiff, Defendants' argument that the proposed class contains individuals who worked at different job sites than Plaintiff is also "premature and is more appropriate at the decertification stage."[55] Plaintiff further argues that "Defendants should not be able to avoid liability under the FLSA merely by employing workers at jobsites in different states and arguing

---

[49] *Id.* at 2 (citing *Parker v. Silverleaf Resorts, Inc.*, No. 3:14-CV-2075-B, 2017 WL 1550522, at *6 (N.D. Tex. May 1, 2017); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 759–61 (N.D. Tex. 2013)).

[50] *Id.* at 2–3.

[51] *Id.* at 3.

[52] *Id.* at 4.

[53] *Id.* at 5.

[54] *Id.*

[55] *Id.*

8

that this prevents conditional certification."[56] Plaintiff states that he provides Defendants' policy, which was used to avoid a proper overtime rate for a number of coworkers who received their checks in the same manner, recorded their hours in the same manner, and were supervised in the same manner.[57] Plaintiff asserts that he and his coworkers lived close to the jobsite, and his paychecks indicate Defendants' company-wide policy.[58]

Finally, Plaintiff argues that it is unnecessary for Plaintiff to show willfulness at the certification stage.[59]

### III. Legal Standard

Under § 216(b) of the FLSA, one or more employees can pursue a class action in a representative capacity on behalf of similarly situated employees.[60] Such collective actions allow similarly situated plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact."[61] A plaintiff may proceed collectively under the FLSA unless "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice."[62] There are two requirements to proceed as a representative action:

---

[56] *Id.*

[57] *Id.* at 7

[58] *Id.*

[59] *Id.* at 8.

[60] 29 U.S.C. § 216(b) ("An action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

[61] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[62] *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008) (Zainey, J.) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

(1) all plaintiffs must be "similarly situated" and (2) a plaintiff must consent in writing to take part in the suit.[63] This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure.[64]

The FLSA does not define the requirements for employees to be deemed "similarly situated." Instead, a two-step method is routinely utilized, which was originally articulated in *Lusardi v. Xerox Corporation*[65] and described in detail by the Fifth Circuit in *Mooney v. Aramco Services, Co.*[66] Under this approach, a court first determines at the "notice stage" whether notice should be given to potential members of the collective action, and this determination is usually made on the basis of "only . . . the pleadings and any affidavits."[67] Because the court typically has little evidence at this stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[68] Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.[69]

At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved

---

[63] 29 U.S.C. § 216(b).

[64] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[65] 118 F.R.D. 351 (D.N.J. 1987).

[66] 54 F.3d at 1213–14.

[67] *See id.*

[68] *Id.* at 1214.

[69] *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[70] The burden to show that plaintiffs are similarly situated rests on the plaintiff,[71] but that burden may be satisfied by demonstrating only a reasonable basis for the allegation that a class of similarly situated persons may exist.[72] In determining whether plaintiffs have made substantial allegations of a single plan, courts often look to "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted."[73]

Only those employees who affirmatively "opt-in" to the suit are bound by a collective action under the FLSA.[74] Affidavits from potential opt-in plaintiffs may be probative, but "in the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case."[75]

"At the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[76] If it is later determined, after a more extensive discovery process, that a plaintiff failed to carry his burden

---

[70] *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *4 (E.D. La. Dec. 30, 2011) (Brown, J.) (quoting *Morales v. Thang Hung Corp.*, No. 4:08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug 14, 2009)).

[71] *See England*, 370 F. Supp. 2d at 507; *Kenyatta-Bean v. Hous. Auth. Of New Orleans*, No. 04-2592, 2005 WL 3543793, at *6 (E.D. La. Nov. 18, 2005) (Lemmon, J.).

[72] *See Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (Fallon, J.) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)).

[73] *Lang*, 2011 WL 6934607, at *5 (quoting *H & R Block, Ltd. V. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

[74] 29 U.S.C. § 216(b) ("[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[75] *Perkins v. Manson Gulf, L.L.C.*, No. 14 – 2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015) (Africk, J.) (quoting *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *7 (E.D. La. June 13, 2013) (Morgan, J.)).

[76] *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) (Lemelle, J.)

of establishing that he and members of the proposed class are similarly situated, an employer may file a motion to decertify the class.[77]

The more lenient *Lusardi* approach is not the only recognized method for conditional collective action certification,[78] although it is the more common approach and routinely used by courts in this District.[79] Moreover, this approach "is consistent with the Fifth Circuit's statements that there is a fundamental, irreconcilable difference between the class action described by Rule 23, Fed. R. Civ. P., and the collective action provided by FLSA."[80] Plaintiff and Defendants both cite the *Lusardi* approach in their respective arguments.[81] Accordingly, this Court will apply the Lusardi approach in determining whether this case is appropriate for collective action treatment.

---

[77] *See Mooney*, 54 F.3d at 1214.

[78] In *Mooney*, the Fifth Circuit also discussed a second methodology referred to as the "*Shushan*" or "spurious class action" approach, in which the court conducts an inquiry similar to that outlined in Federal Rule of Civil Procedure 23. *See Mooney*, 54 F.3d at 1214 (citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990)). *Mooney* did not state which of the two procedures is the proper approach, although the "two stage" *Lusardi* approach is more commonly used by district courts. The *Shushan* approach has been described as "more stringent" than the "two stage" approach. *See, e.g., Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 670 (N.D. Tex. 2007). Under the *Shushan* analysis, plaintiffs must prove the existence of a definable, manageable class, and that plaintiffs are proper representatives of the class. This requires plaintiffs to provide individualized proof that the claims of every single opt-in plaintiff can be presented to a jury with some measure of efficiency. *Shushan*, 132 F.R.D. at 268.

[79] *See, e.g., Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 569 (E.D. La. 2008) (Vance, J.) (describing the Lusardi approach as the "prevailing method"); *Basco v. Wal-Mart Stores*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (Duval, J.) ("Given the direction of the Tenth and Eleventh Circuits and the great weight of district court authority, a consensus has been reach on how section 216(b) cases should be evaluated. It is clear that the two-step ad hoc approach is the preferred method for making the similarly situated analysis . . . ."); *see also* 7B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1807 (3d ed. 2002) (stating that "most courts in collective actions follow a two-stage certification process").

[80] *Smith v. Servicemaster Holding Corp.*, No. 10-444, 2011 WL 4591088 (M.D. La. Sept. 30, 2011) (noting the important difference between opt-in and opt-out class actions) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)).

[81] Rec. Doc. 12-1 at 9; Rec. Doc. 25 at 5. Although Plaintiff specifically cites to *Mooney* in his argument section, he utilizes the *Lusardi* standard, which is also used in *Mooney*.

## IV. Analysis

At the notice stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[82] Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.[83]

Plaintiff alleges that there is a "Putative Class" consisting of individuals who worked more than forty hours a week at Shore Construction and did not receive proper overtime pay.[84] Plaintiff asserts that he and his coworkers all recorded their hours in the same way, were supervised by the same foremen, and did not live far distances from the jobsite.[85]

Defendants argue that Plaintiff does not provide a sufficient factual basis for his allegations, as Plaintiff "submitted no evidence and nothing other than conclusory assertions in his Complaint that there is any common, policy, plan, or scheme."[86] Moreover, Defendants assert that Plaintiff presents "no evidence or even 'substantial allegations' that the workers in his proposed collective action have the same job titles, the same job responsibilities, or work at the same location."

In *Rendon v. Global Technical Solutions, LLC*, this Court found that conditional certification of a collective action was warranted when the plaintiff provided the names of two

---

[82] *Mooney*, 54 F.3d at 1212.

[83] *Id.* at 1214 n.8 (quoting *Sperling*, 118 F.R.D. at 407).

[84] Rec. Doc. 12-1 at 13–14.

[85] Rec. Doc. 30 at 7.

[86] Rec. Doc. 25 at 10.

potential opt-ins, despite the fact that the plaintiff did not provide affidavits from those two individuals.[87] There, the plaintiff argued that his proposed class had the same jobs and same basic responsibilities and stated that the proposed class "earned substantially similar wages."[88] The Court characterized the plaintiff's evidence as "sparse," but nevertheless certified a class because the plaintiff had named two potential opt-in plaintiffs.[89]

Here, similar to *Rendon*, Plaintiff does not provide any affidavits from any potential opt-ins stating that similarly situated individuals are interested in the suit to support his "Putative Class."[90] However, unlike *Rendon* where the plaintiff named two potential opt-in plaintiffs, in which the Court characterized plaintiff's evidence as "sparse," Plaintiff also does not provide any names of potential opt-in plaintiffs. Plaintiff asserts that copies of his paychecks illustrate Defendants' policy, but his paychecks alone do not establish that Defendants had a policy of widespread violations affecting similarly-situated employees, as Plaintiff fails to present an affidavit or even the name of a single similarly-situated employee. Despite the lenient standard in *Lusardi* to certify a collective action, "at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented."[91] Since Plaintiff fails to present such evidence, he fails to meet this lenient standard.

Accordingly,

---

[87] No. 15-242, 2015 WL 8042169, at *10 (E.D. La. Dec. 4, 2015) (Brown, J.).

[88] *Id.* at *8.

[89] *Id.*

[90] *Id.* at 19–20.

[91] *Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008) (Zainey, J.) (citing *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (Fallon, J.)).

**IT IS HEREBY ORDERED** that "Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs"[92] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 13th day of March, 2018.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[92] Rec. Doc. 12