UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MAGDALENO BIBIAN MAGANA | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-1896 |
| SHORE CONSTRUCTION, LLC AND KRISTI CATON | SECTION: "G"(4) |

# ORDER

In this litigation, Plaintiff Magdaleno Bibian Magana ("Magana") filed suit alleging that Shore Construction, LLC and Kristi Caton (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff's overtime wages.[1] Pending before the Court is Defendants' unopposed "Motion to Dismiss Plaintiff's Claims," requesting that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute.[2] Having considered the motion, the memoranda in support, the record, and the applicable law, the Court will grant the motion.

## I. Background

Defendant Shore Construction Company ("Shore"), owned by Defendant Kristi Caton ("Caton"), is alleged to be a limited liability company that provides labor and human resources services for various industrial companies.[3] Plaintiff, a non-English speaking former employee of Shore, alleges that Defendants employed him as a rigger, unloading barges by crane, in Gibson,

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 49.

[3] Rec. Doc. 1 at 2 – 3.

1

Louisiana.⁴ This lawsuit arises out of alleged violations of the FLSA from Defendants' failure to pay Plaintiff's overtime wages.⁵

Plaintiff originally filed a complaint against Defendants in the Western District of Louisiana alleging violations of the FLSA.⁶ Defendants then filed an unopposed motion to dismiss for improper venue, which was granted.⁷ Plaintiff then re-filed the complaint in the Eastern District of Louisiana on March 6, 2017.⁸

In the complaint, Plaintiff brought both individual and collective action claims.⁹ On June 13, 2017, Plaintiff filed a "Motion to Conditionally Certify the Collective Action," which was denied by the Court on March 14, 2018.¹⁰

A Scheduling Conference was held and a Scheduling Order filed on July 13, 2017.¹¹ A jury trial is currently set for October 1, 2018.¹² Initially Plaintiff was represented by counsel, but Plaintiff has been proceeding *pro se* since his counsel withdrew, with leave provided by the Magistrate Judge, on December 1, 2017.¹³ Defendants filed the "Motion to Dismiss Plaintiff's

---

⁴ *Id.* at 2.

⁵ *Id.* at 1.

⁶ Rec. Doc. 49-1 at 1 – 2.

⁷ *Id.*

⁸ Rec. Doc. 1.

⁹ *Id.*

¹⁰ Rec. Doc. 46.

¹¹ Rec. Doc. 26.

¹² Rec. Doc. 49-1 at 2.

¹³ Rec. Doc. 42.

Claims" for failure to prosecute on July 31, 2018, and set for submission on August 15, 2018.[14] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has filed no opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[15] District courts may grant an unopposed motion as long as the motion has merit.[16]

## II. Parties' Arguments

*A.     Defendants' Arguments in Support of the Motion to Dismiss for Failure to Prosecute*

In the "Motion to Dismiss Plaintiff's Claims," Defendants allege that they have repeatedly attempted to conduct discovery and proceed with the case, but that Plaintiff has failed to engage in discovery or comply with the Scheduling Order or rules of the Court.[17] First, Defendants claim that Plaintiff never responded to the following discovery requests:

(1) Requests for Plaintiff's deposition on September 18, 2017, September 20, 2017, and September 22, 2017.

(2) Requests for Admission, Interrogatories, and Requests for Production on October 2, 2017.[18]

Defendants also claim that Plaintiff has failed to comply with the following requirements set forth in the Scheduling Order:

---

[14] Rec. Doc. 49-1.

[15] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[16] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[17] *Id.* at 2.

[18] *Id.*

3

(1) Submit Joint Status Report to the Court on January 12, 2018.

(2) Submit Joint Status Report to the Court on March 13, 2018.

(3) Deliver to counsel written reports of experts by June 13, 2018.

(4) File and serve upon counsel witness list by July 13, 2018.

(5) Complete depositions for trial and all discovery by August 1, 2018.[19]

Further, Defendants claim that they have been unable to contact Plaintiff since his counsel withdrew on December 1, 2017.[20] Defendants allege that in their last communication with Plaintiff, around December 1, 2017, Plaintiff informed Defendants he had moved to Wisconsin and was not interested in further prosecution of the case.[21] Since then, Defendants have sent several written correspondence to Plaintiff and have received no response, including:

(1) A copy of the filed Joint Status Report on March 12, 2018.

(2) A request for response to Defendants' earlier discovery requests on April 18. 2018.

(3) A Witness and Exhibit List on July 13, 2018.[22]

Additionally, Defendants acknowledge that on June 18, 2018, they were contacted by a local attorney, Jose Costa-Blanco, who wished to help negotiate a settlement in this case, even though he is not formally representing Plaintiff.[23] Defendants claim that while Mr. Costa-Blanco attempted to help reach a settlement in good faith, Mr. Costa-Blanco has maintained that he does

---

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 4.

not currently represent Plaintiff or intend to enroll as counsel for Plaintiff.[24] Further, despite Mr. Costa-Blanco's recent involvement, Plaintiff did not make an appearance at or return the Magistrate Judge's phone call during a Settlement Conference with the Magistrate Judge on August 16, 2018.[25]

In response to Plaintiff's "clear and repeated failure to cooperate and abide by court orders," Defendants argue that this case should be dismissed and that no lesser sanction would better serve the interests of justice.[26] Defendants claim that they are left "shadowboxing" due to the complete lack of discovery and lack of compliance with the Scheduling Order.[27] Further, Defendants claim that they are unable to carry out an appropriate defense due to both a lack of cooperation by the Plaintiff and a general lack of necessary information.[28] Finally, Defendants claim that Plaintiff's *pro se* status does not insulate him from responsibility. Defendants assert that Plaintiff was informed by his former counsel of discovery requests made prior to their dismissal and Plaintiff's current *pro se* status only further highlights his personal responsibility for his failure to cooperate.[29]

---

[24] *Id.*

[25] Rec. Doc. 53.

[26] Rec. Doc. 49-1 at 7.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 7 – 8.

## III. Law and Analysis

*A.    Legal Standard*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), where an action is pending a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[30] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[31] Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[32]

"Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[33] A clear record of delay is found where there have been "significant periods of total inactivity."[34] Dismissal with prejudice is a "draconian remedy, which the district court should impose only as a matter of last resort."[35] Thus, in addition to willfulness and a clear record of delay, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order:

---

[30] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[31] Fed. R. Civ. P. 37(b)(2)(A)(v).

[32] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[33] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[34] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[35] *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

(1) the violation of the discovery order must be attributable to the client instead of the attorney; (2) the violating party's misconduct must substantially prejudice the opposing party; and (3) a less drastic sanction would not substantially achieve the desired deterrent effect.[36]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[37] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[38] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[39] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[40]

### B. *Analysis*

Here, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to Defendants, or appear to prosecute his claim. Plaintiff failed to respond to requests for depositions or discovery on four occasions in September 2017 and

---

[36] *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

[37] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[38] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[39] *Id.*

[40] *Id.*

October 2017.[41] Plaintiff then failed to comply with the Scheduling Order by participating in the submission of Joint Status Reports on January 12, 2018 or March 13, 2018.[42] Plaintiff later failed to deliver a written report of experts on June 13, 2018 or serve a witness list on July 13, 2018.[43] Defendants claim that they have been unable to contact Plaintiff, despite multiple attempts since Plaintiff's counsel withdrew on December 1, 2017.[44] Further, Defendants claim that in their last communication with Plaintiff, around December 1, 2017, Plaintiff stated that he no longer wanted to proceed with the case.[45] Despite the recent interest of Mr. Costa-Blanco in settling Plaintiff's claims, the Plaintiff remains unresponsive and unrepresented.[46]

On July 31, 2018, Defendants filed their "Motion to Dismiss Plaintiff's Claims," requesting that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute.[47] Plaintiff has not opposed this motion. Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[48] Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[49]

---

[41] Rec. Doc. 49-1 at 2.

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 4.

[47] Rec. Doc. 49.

[48] Fed. R. Civ. P. 37(b)(2)(A)(v).

[49] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

While the Court is aware that Plaintiff is currently unrepresented by counsel and that dismissal with prejudice "is a harsh action, to be used only in extreme circumstances,"[50] Plaintiff's *pro se* status does not diminish his responsibility in this case. Dismissal is warranted when a court is faced with "[d]eliberate, repeated refusals to comply with discovery orders."[51] Defendants have continued to incur expenses as they strive to comply with Court deadlines, while Plaintiff has failed to appear in this matter, or respond to the Court's orders or requests from opposing counsel since his counsel withdrew on December 1, 2017.[52] Plaintiff's failure to comply is deliberate because Plaintiff was notified of all deadlines before his counsel withdrew and Plaintiff stated he was unwilling to continue with the prosecution in his last communication with opposing counsel around December 1, 2017.[53]

## IV. Conclusion

The Court finds that it is appropriate to dismiss Plaintiff's claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly expressed an unwillingness to continue prosecution in this case. Accordingly,

---

[50] *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985).

[51] *Id.* (quoting *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979)).

[52] For example, as required by the Scheduling Order, Defendants filed witness and exhibit lists on July 13, 2018 whereas Plaintiff did not. *See* Rec. Doc. 49-1 at 3.

[53] Defendants allege that Plaintiff stated in his last communication that he no longer wished to continue with the prosecution of this case. *See* Rec. Doc. 49-1 at 3.

**IT IS HEREBY ORDERED** that Defendants Shore Construction LLC's and Kristi Caton's "Motion to Dismiss Plaintiff's Claims"[54] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 6th day of September, 2018.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] Rec. Doc. 49.